IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-10183

Summary Calendar

_____


ALEJANDRO ACOSTA,

                                        Plaintiff-Appellant,

                        versus

TEXAS DEPARTMENT OF PUBLIC SAFETY;
RICKYE FEIST,

                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:96-CV-296-Y

_____

September 25, 1998

Before HIGGINBOTHAM, JONES, AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    In April 1994, Officer Rickye Feiste of the Texas Department
of Public Safety pulled over Alejandro Acosta for a window tinting
violation. After smelling what he believed to be a combination of
marijuana and air freshener, Feiste requested consent to search the
vehicle, and Acosta granted it. Although Feiste did not find any
narcotics, he found a large amount of cash and arrested Acosta.

_____

    [*]Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Acosta was later released, but he lost the money in a forfeiture action. See $162,950 in Currency v. Texas, 922 S.W.2d 528, 531 (Tex. App.--Eastland 1995, writ den'd).

Acosta sued for violations of his rights under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1983 and 1988. The district court granted summary judgment for the defendants, and Acosta appealed. He alleges that the district court wrongly determined that he consented to the search of his vehicle, citing this court's test for voluntariness of consent in United States v. Kelly, 981 F.2d 1464, 1471 (5th Cir. 1993). The state court, however, has already decided that the suit was consensual. His claim here is thus precluded under Texas law. See 28 U.S.C. § 1738; Matsushita Elec. Indus. Co. v. Epstein, 516 U.S. 367, 373 (1996); Sysco Food Servs., Inc. v. Trapnel, 890 S.W.2D 796, 801-02 (Tex. 1994).

AFFIRMED.